JOHN W. STACKHOUSE v. JOHNNY PAYCHECK

No. 838SC218

(Filed 21 February 1984)

**Execution § 16— bond by judgment debtor—failure to answer interrogatories not failure to "attend"**
    Defendant judgment debtor's failure to answer interrogatories to discover assets in violation of a court order did not constitute a failure to "attend" within the meaning of a bond given pursuant to G.S. 1-355 guaranteeing that defendant will, from time to time, attend before the court or judge as directed.

APPEAL by plaintiff from *Peel, Judge.* Order entered 20 December 1982 in Superior Court, WAYNE County. Heard in the Court of Appeals 7 February 1984.

This is an appeal by plaintiff from the denial of his motion for forfeiture of a bond given by defendant as a principal and secured by William A. Glenn pursuant to N.C. Gen. Stat. Sec. 1-355.

*Poyner, Geraghty, Hartsfield & Townsend, by Mark C. Kirby, for plaintiff, appellant.*

*Purser, Cheshire, Manning & Parker, by Earle R. Purser and Barbara A. Smith, for surety, William A. Glenn, appellee.*

HEDRICK, Judge.

The following facts are not controverted:

On 28 April 1981 plaintiff filed a complaint in Superior Court, Wayne County, in which he alleged that defendant breached his contract to appear and perform at a concert in Greensboro, North Carolina, and that such breach resulted in damages in the amount of $26,605.15. On 19 November 1981 the Clerk of Superior Court made an entry of default against the defendant, and on 7 December 1981 a default judgment was entered for the amount prayed for in plaintiff's complaint. An execution issued on plaintiff's request was returned unsatisfied in January 1982. Plaintiff then served on defendant written interrogatories to discover assets pursuant to N.C. Gen. Stat. Sec. 1-352.1. When defendant failed to respond to the interrogatories, plaintiff successfully sought a court order compelling defendant to answer. Defendant persisted in his refusal to respond and was arrested and brought before the court on 1 August 1982 pursuant to N.C. Gen. Stat. Sec. 1-355, which in pertinent part provides:

> [T]he court or judge may . . . issue a warrant requiring the sheriff of any county where such debtor is to arrest him and bring him before the court or judge. Upon being brought before the court or judge, the debtor may be examined on oath, and, if it appears that there is danger of his leaving the State, and that he has property which he has unjustly refused to apply to the judgment, he shall be ordered to enter into an undertaking, with one or more sureties, that he will,

from time to time, attend before the court or judge as directed. . . .

Pursuant to the order of the court on 1 August 1982 the defendant executed such a bond in the amount of $32,823.96, with William A. Glenn as surety. The bond contained the following language:

> [T]he undersigned Surety . . . does hereby unconditionally guarantee that the Defendant herein, Johnny Paycheck, will from time to time, attend before the Court or Judge as directed by written notice to the Defendant and to the Surety. . . . If the Defendant herein, Johnny Paycheck, fails . . . to appear from time to time as directed . . . then the Bond shall be automatically forfeited. . . .

On 26 August 1982 plaintiff filed a motion seeking to have the bond declared forfeited based on defendant's continued failure to respond to interrogatories. In an order entered 20 December 1982 the court denied plaintiff's motion. Plaintiff appealed.

The plaintiff's assignments of error raise the one question whether defendant's failure to answer interrogatories in violation of a court order constitutes a failure to "attend" or "appear" within the meaning of the bond. The critical conclusions reached by the trial judge in denying the motion are as follows:

> 1. There is no requirement in the Bond requiring the Surety to insure that the Defendant, Johnny Paycheck, answer interrogatories, but to the contrary the requirement of the Surety is to the effect that the Defendant, Johnny Paycheck, attend and appear before the Court upon proper notice;

> 2. The failure of the Defendant, Johnny Paycheck, to answer the Interrogatories in violation of the Order dated February 22, 1982 does not constitute a failure by the Defendant, Johnny Paycheck, to attend or appear before the Court or Judge within the meaning of the Bond;

> 3. By reason of the foregoing, the Surety has not forfeited the Bond dated August 1, 1982.

In his brief, plaintiff argues: "[I]t is manifest that 'attend' should be interpreted broadly to encompass appearance by plead-

ing, participating in pre- or post-judgment discovery, and, perhaps, corresponding by letter with the Court or Judge. Thus, 'attend' should not be limited to an appearance 'in the flesh.'"

When the language in the bond is considered in connection with N.C. Gen. Stat. Sec. 1-355 and the clear legislative intent underlying the statute, we think it quite clear that the bond could be forfeited only if the defendant failed to attend "in the flesh." Because defendant's failure to answer interrogatories did not amount to such a failure to attend, we hold the order entered by the trial court is

Affirmed.

Judges HILL and EAGLES concur.